1

2

3

4

5               **UNITED STATES DISTRICT COURT**

6               **EASTERN DISTRICT OF CALIFORNIA**

7

8   MELVIN RICKS,                              CASE NO. 1:14-CV-1762 AWI-SMS

9                      Plaintiff,

10         v.                                   ORDER REQUIRING PLAINTIFF EITHER
                                                TO FILE AMENDED COMPLAINT OR TO
11   KINGS VIEW MENTAL HEALTH                   NOTIFY COURT OF WILLINGNESS TO
     SERVICES D/B/A BLUE SKY WELLNESS           PROCEED ONLY ON CLAIMS FOUND
12   CENTER; SUSAN GOLDEN; JEFF                 TO BE COGNIZABLE
     GORSKI,
13
                       Defendants.              (Doc. 1)
14

15

16         Plaintiff Melvin Ricks ("Plaintiff") brings the instant complaint *in pro se* and *in forma*

17   *pauperis* against defendant Kings View Mental Health Services d/b/a Blue Sky Wellness Center

18   ("Defendant" or "Blue Sky Wellness Center") for employment discrimination in violation of Title

19   VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2), Section 1981 of the Civil Rights Act of

20   1866 (42 U.S.C. § 1981), and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12111 *et*

21   *seq*). Plaintiff also brings this complaint against defendants Susan Golden and Jeff Gorski,

22   individuals, for intentional infliction of emotional distress, a California cause of action. For the

23   reasons below, Plaintiff's complaint will be dismissed in part with leave to amend.

24   I.     SCREENING STANDARD

25         Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma*

26   *pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must

27   dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim

28   upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

1   from such relief." 28 U.S.C. § 1915(e)(2). To dismiss a complaint, or portion thereof, for failure to

2   state a claim, the Court applies the same standard as for motions to dismiss under Fed. R. Civ. P.

3   12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). This screening for failure to

4   state a claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that

5   the defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.

6   2007).

7   II.   RULE 8

8   A complaint must contain "a short and plain statement of the claim showing that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,

10  but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp.

12  v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted

13  as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting

14  Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are

15  not. *Id*. at 678.

16  A pleading may not simply allege a wrong has been committed and demand relief. A

17  pleading must give fair notice of the claim being asserted and the grounds upon which it rests.

18  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air

19  Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

20  If the Court determines that the complaint fails to state a claim, it should grant leave to

21  amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.

22  Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state a claim is proper only

23  where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an

24  opportunity to amend would be futile. *Id*. at 1128.

25  III.   SUMMARY OF ALLEGATIONS

26  According to the complaint, Plaintiff is a black male with bipolar disorder. Doc. 1,

27  Complaint, at ¶¶ 4, 20. He received an offer of employment from Defendant for the position of

28  Peer Support Specialist, subject to a criminal background check, on or about March 28, 2014.

Doc. 1 at ¶¶ 8-10. Defendant's employee, Monica Yang, told Plaintiff that background checks take two to three weeks to complete, but Plaintiff's background check was not completed for eight weeks. Doc. 1 at ¶¶ 12-13. During these eight weeks, Plaintiff was directing a play to be held at Blue Sky Wellness Center on May 22, 2014. Doc. 1 at ¶ 15. On or about May 6, Ms. Yang told Plaintiff that Defendant would not hire him, and that Mr. Gorski would tell Plaintiff officially in a few days. Doc. 1 at ¶ 16. On May 22, 2014, Ms. Golden and Mr. Gorski informed Plaintiff that the employment offer was being withdrawn because Plaintiff's behavior during the eight weeks was unacceptable; specifically, Plaintiff had failed to follow instructions regarding scheduling the play rehearsals. Doc. 1 at ¶¶ 17-18, 25. At the same meeting, Ms. Golden told Plaintiff that job applicants with mental illnesses normally were required to volunteer for six months as an "observation period." Doc. 1 at ¶ 21. Plaintiff had not been required to volunteer for six months, but Ms. Golden considered the eight weeks his "observation period." Doc. 1 at ¶ 22. Plaintiff was never employed by Defendant. Doc. 1 at ¶ 19.

Plaintiff alleges that Defendant hired a Caucasian male, Alex Shannon, for the position. Doc. 1 at ¶ 28. Mr. Shannon was not required to undergo an observation period and his background check was completed in less than three weeks. Doc. 1 at ¶¶ 31-32. Earlier in 2014, Defendant hired two Caucasian applicants, who were not required to undergo an observation period, and their background checks were completed within three weeks. Doc. 1 at ¶¶ 26-27. Plaintiff alleges that no black male applicants have ever been hired by Defendant. Doc. 1 at ¶ 35. Plaintiff alleges that he was treated differently than white applicants and applicants who did not have a disability. Doc. 1 at ¶ 34-35.

IV.    DISCUSSION

Plaintiff brings three federal causes of action against Defendant: first, for violation of Title VII of the Civil Rights Act for employment discrimination based on race; second, for a violation of Section 1981, also for employment discrimination based on race; and third, for violation of the Americans with Disabilities Act for employment discrimination based on disability. Plaintiff also brings a California state cause of action for intentional infliction of emotional distress against individual defendants Susan Golden and Jeff Gorski.

A.  <u>First Cause of Action: Title VII Violation</u>

To establish a Title VII violation for discrimination based on disparate treatment, an employee must show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802 (1973); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). A plaintiff is not required to plead a prima facie case of discrimination; however, he must plead enough facts to give the defendants fair notice of the claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002); *Twombly*, 550 U.S. at 544; *see also Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

Plaintiff has alleged a cognizable disparate treatment claim. First, he has alleged that he is black, and race is a protected class. *See* 42 U.S.C. § 2000e-2(a)(1). He did not allege his specific qualifications for the Peer Support Specialist position, but he did allege that he was interviewed and given an offer of employment by Defendant for that position. This indicates that it is plausible that he was qualified for the position. He has also alleged that his offer was withdrawn, which is sufficient to allege that he was subject to an adverse employment action. 42 U.S.C. § 2000e-2(a)(1)(refusal to hire because of an individual's race is an unlawful employment practice); *McDonnell Douglas Crp.*, 411 U.S. at 803.

Lastly, he has alleged that the position was given to a specifically identified white applicant, Alex Shannon, who was less qualified than Plaintiff, which indicates that similarly situated individuals outside his protected class were treated more favorably. *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006)(individual seeking relief must demonstrate that he is similarly situated to those employees in "all material respects"). Plaintiff has not alleged how he and Mr. Shannon were similar in all material respects, but he has given Defendant notice of the grounds upon which his disparate treatment claim rests. Taking Plaintiff's allegations as true, Plaintiff has stated a disparate treatment claim that is plausible on its face. Plaintiff may proceed on this claim.

Plaintiff also bases his Title VII claim on hostile work environment. A hostile work environment claim requires that Plaintiff allege (1) that he was subjected to verbal or physical

conduct based on his race; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive work environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005). However, this theory of recovery is not available to Plaintiff because he alleges that he never worked for Defendant. Hence, he cannot state a cognizable hostile work environment claim.

To the extent that Plaintiff bases his Title VII claim on a theory of disparate impact on his allegation that no black male has ever been hired by Defendant, Plaintiff has not has not met the Rule 8 pleading requirement. A prima facie case of discrimination based on disparate impact requires that Plaintiff allege (1) a significant disparate impact on a protected class; (2) specific employment practices or selection criteria; and (3) a causal relationship between the identified practices and the impact. *Donoghue v. Orange County*, 848 F.2d 926, 932 (9th Cir. 1987). Plaintiff has not identified a specific employment practice that caused a disparate impact on black men. Plaintiff may amend his complaint to allege facts supporting a disparate impact theory.

B. Second Cause of Action: 28 U.S.C. § 1981

Section 1981 of the Civil Rights Act of 1866 ("Section 1981") provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts […] and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens […]." 42 U.S.C. § 1981(a); *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1005-08 (9th Cir. 2011). Analysis of a Section 1981 employment discrimination claim follows the same legal principles as those applicable in a Title VII discrimination case. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004); *see also Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007)(setting forth Section 1981 discrimination requirements); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987)("[t]he same standards apply, and facts sufficient to give rise to a Title VII claim are also sufficient for a section 1981 claim.").

For the same reasons that Plaintiff's Title VII claim is sufficiently pled, Plaintiff's Section 1981 claim is sufficiently pled and will be permitted to proceed.

5

C.  Third Cause of Action: ADA Violation

The Americans with Disabilities Act (the "ADA") prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). The essential elements of a prima facie case of discrimination under the ADA include (1) that the plaintiff  is disabled within the meaning of the statute, (2) that the plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of her job, and (3) that the plaintiff suffered an adverse employment action because of her disability. *Braunling v. Countrywide Home Loans Inc*., 220 F.3d 1154, 1156 (9th Cir. 2000).

Plaintiff has failed to allege that he is disabled within the meaning of the statute. "Disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). Plaintiff has only alleged that he has bipolar disorder. He has not alleged that this impairment substantially limits any of his major life activities.

Further, Plaintiff has failed to allege that he suffered an adverse employment action *because* of his disability. The only allegation related to Plaintiff's disability is that Defendant's usually required applicants with mental illnesses to volunteer for six months as an "observation period" prior to being hired, while applicants without mental illnesses were not so required. Plaintiff indicates in his complaint that he was not subject to this six-month requirement, but instead, Ms. Golden considered the eight-week period during which security clearance was being processed to be Plaintiff's "observation period."  Hence, it appears that Plaintiff alleges that the adverse action to which he was subject was an eight-week observation period.[1] However, Plaintiff also alleges that it took eight weeks for the background check to be completed. Therefore, it appears by the face of the complaint that Plaintiff was subject to an eight-week waiting period because of a delay in the background check's completion, and not because of his disability. In addition, to the extent that Plaintiff alleges that his offer was withdrawn because of his mental

---

[1] It is not clear whether Plaintiff has alleged facts sufficient to support an allegation that he suffered an adverse employment action, which must constitute "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998). The Court withholds comment at this time and until the other elements are pled.

6

1    illness, there are no facts alleged in the complaint to support this contention.

2           Mere conclusory statements are insufficient to meet the Rule 8 pleading standard. *Iqbal*,

3    556 U.S. at 678. As such, Plaintiff's complaint does not provide sufficient factual allegations to

4    state an employment discrimination claim under the ADA. This claim will be dismissed with leave

5    to amend. If Plaintiff elects to amend this claim, he must include factual allegations to support

6    each of the three elements of the cause of action.

7           D.   Fourth Cause of Action: Intentional Infliction of Emotional Distress

8                1. *Jurisdiction over State Claims*

9           Plaintiff's fourth cause of action against Ms. Golden and Mr. Gorski arises under

10   California state law. Pursuant to 28 42 U.S.C. § 1367(a), in any civil action in which the district

11   court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other

12   claims in the action within such original jurisdiction that they form part of the same case or

13   controversy [...]." Retention of supplemental jurisdiction over state law claims is discretionary.

14   *Acri v. Varian Assoc., Inc*. 114 F.3d 999, 1000 (9th Cir. 1997). The district court may decline to

15   exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over

16   which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). If the federal claims are dismissed

17   before trial, the state claims should be dismissed as well. *United Mine Workers of Amer. v. Gibbs*,

18   383 U.S. 715, 726 (1966). Therefore, if in the course of this litigation, the complaint fails to allege

19   any cognizable federal claims, the Court is likely to dismiss the case for lack of federal

20   jurisdiction.

21               2. *Intentional Infliction of Emotional Distress*

22          In order to establish a claim for intentional infliction of emotional distress ("IIED"), a

23   plaintiff must show (1) extreme and outrageous conduct by the defendant with the intention of

24   causing, or reckless disregard of the probability of causing, emotional distress; (2) that the plaintiff

25   suffered severe or extreme emotional distress; and (3) actual and proximate causation of the

26   emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050

27   (Cal. 2009)(citations and quotation marks omitted). As a matter of law, normal personnel actions

28   such as terminating an employee, even without good cause, do not constitute the type of

7

sufficiently extreme and outrageous conduct necessary to support an IIED claim. *Fowler v. Varian Assocs., Inc*. 196 Cal. App. 3d 34, 44 (Cal. Ct. App. 1987).

Here, Plaintiff has not alleged facts supporting any of the elements required to state an IIED claim. Plaintiff has not alleged facts indicating that Ms. Golden or Mr. Gorski engaged in extreme or outrageous conduct, nor that that they intended to cause emotional distress. Plaintiff has not alleged that he suffered emotional distress. Because the complaint includes no factual allegations to support an IIED claim against Ms. Golden or Mr. Gorski, this claim is not cognizable. Ms. Golden and Mr. Gorski's conduct was entirely within the scope of a normal personnel action, and does not seem likely that amendment would cure the deficiency. However, Plaintiff is *pro se*, this is his first complaint, and he should be given an opportunity to amend. Hence, this claim will be dismissed with leave to amend.

## V.    CONCLUSION AND ORDER

As discussed above and summarized in the order below, only certain counts within Plaintiff's complaint state cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only with those counts found to be cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal from this action of all claims found not cognizable. The Court will then forward to Plaintiff the necessary summonses and USM-285 forms for completion and return. Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on the appropriate defendants.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that all causes of action alleged in an original complaint which are not alleged in an amended complaint will be deemed waived.

Based on the foregoing, it is HEREBY ORDERED that:

1. Count one, alleging a Title VII violation, states a cognizable claim based on disparate treatment against Defendant Kings View Mental Health Services d/b/a Blue Sky Wellness Center.

   a. Count one does not state a cognizable claim based on disparate impact. Plaintiff may amend to plead facts supporting this theory.

   b. Count one does not state a cognizable claim based on hostile work environment. Plaintiff may NOT amend to plead facts supporting this theory.

2. Count two, alleging a section 1981 claim, states a cognizable claim against Defendant Kings View Mental Health Services d/b/a Blue Sky Wellness Center.

3. Count three, alleging an ADA violation, does not state a cognizable claim against Defendant Kings View Mental Health Services d/b/a Blue Sky Wellness Center, and is dismissed with leave to amend.

4. Count four, alleging intentional infliction of emotional distress under California law, fails to state a cognizable claim against Defendants Susan Golden and Jeff Gorski, and is dismissed with leave to amend.

5. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Kings View Mental Health Services d/b/a Blue Sky Wellness Center on counts one and two as pled; and

6. If Plaintiff fails to comply with this order, this action will be dismissed without prejudice for failure to obey a Court order.

IT IS SO ORDERED.

Dated:   **January 21, 2015**         **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE